```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/9/07
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

GINA SOCKOLOW,

                Plaintiff,

vs.

THE BUCKINGHAM RESEARCH GROUP
INCORPORATED,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**CONFIDENTIALITY STIPULATION AND ORDER**

Index No. 07 CIV 6120 (SAS) (ECF)

     WHEREAS, Plaintiff Gina Sockolow ("Plaintiff") filed a Complaint against The Buckingham Research Group Incorporated ("Defendant") on or about June 29, 2007;

     WHEREAS, pursuant to the Scheduling Order filed in this action on August 8, 2007, Plaintiff and Defendants (each a "Party," and collectively, the "Parties") are engaged in discovery;

     WHEREAS, the Parties have exchanged document requests and have requested certain Confidential Information from each other;

     WHEREAS, the Parties wish to protect against disclosure of Confidential Information produced by each other to unauthorized persons, as well as the use of Confidential Information for purposes unrelated to this lawsuit; and

     WHEREAS, the Parties have agreed to this Stipulation and Order to permit the Parties to discover information deemed confidential pursuant to procedures protecting the confidentiality of such information.

     IT IS HEREBY STIPULATED AND AGREED that the following provisions shall govern the handling of Confidential Information of the Parties throughout this lawsuit:

1.  "Qualified Person" as used herein means (a) Plaintiff's counsel in the above-captioned action, and legal assistants and support staff reasonably necessary to assist said counsel in the evaluation of the Confidential Information produced pursuant to this Stipulation and Order; (b) Defendant's counsel, and legal assistants and support staff reasonably necessary to assist said counsel in the evaluation of the Confidential Information produced pursuant to this Stipulation and Order; (c) any expert employed, retained or consulted by Plaintiff's and/or Defendant's counsel for the purpose of assisting said counsel in this litigation; (d) Court personnel and/or court reporters; and (e) Plaintiff and Defendant and their support staff reasonably necessary to assist said counsel.

2.  "Confidential Information," as used herein, means confidential, proprietary or business information of Defendant or private, personal information about parties or non-parties to this action, whether it is a document, testimony and information contained in a document, information revealed during a deposition, information revealed in an interrogatory response or any other form of information.

3.  The Parties may designate Confidential Information pursuant to the terms of this Stipulation and Order:

    a.  Information contained in any document or other writing by stamping or otherwise marking (in such a manner as will not interfere with the legibility of the document) the document "Confidential" or "Confidential – Attorneys Only." Unless the Party intends to designate all of the information contained within a document as Confidential Information, the Party shall indicate in a clear fashion that portion of the document which it intends to designate as containing Confidential Information.

    b.  Testimony or information contained or revealed in a deposition, whether

in a question, answer or exhibit, may be designated as Confidential Information by noting a claim of confidentiality pursuant to this Stipulation and Order on the record at the time of the deposition, whenever reasonably possible.  When a claim of confidentiality is made at a deposition the Party shall, on the record, advise all persons present at the deposition that the information is confidential and subject to this Stipulation and Order which governs its use.  Before the disclosure of previously designated Confidential Information in a deposition, all persons present who are not Parties to this Stipulation and Order shall be given a copy of this Stipulation and Order and shall acknowledge on the record of such deposition that he/she has read the Stipulation and Order and agrees to be bound by its terms.  If any person present who is not a party to this Stipulation and Order refuses to agree to be bound to the terms of this Stipulation and Order, each party to this Stipulation and Order agrees to stipulate his, her or its support for an application to the Court seeking an order binding the non-party to the terms of this Stipulation and Order.  When the claim of confidentiality is not made in advance of disclosure or at the time of the deposition, it may be made within thirty (30) days of the deposition, at which point the designated material shall be accorded confidential treatment pursuant to this Stipulation and Order.  Testimony, information and documents disclosed in a deposition shall, unless earlier designated, be treated as Confidential Information until the expiration of said thirty (30) day period following the deposition.

    4.    Confidential Information shall be disclosed by a party only to Qualified Persons as defined in paragraph 1:

        a.    Confidential Information marked "Confidential" shall be disclosed by a Party only to Qualified Persons as defined in paragraph 1(a), 1(b), 1(c). 1(d) and 1(e), who have read and agreed to be bound by this Stipulation and Order, and then only to the extent a Party in

good faith believes such disclosure is reasonably necessary to the prosecution of this litigation.

        b.      Confidential Information marked "Confidential – Attorneys Only" shall be disclosed by a Party only to Qualified Persons as defined in paragraph 1(a) and 1(b), as the case may be.

        5.      In the event that a Party and/or a Party's counsel receives a subpoena or any other form of judicial process that requests the production of Confidential Information, such Party and/or Party's counsel shall immediately notify all Parties, and before responding, shall provide all Parties with a reasonable opportunity to object to such production and/or request judicial intervention.

        6.      Each Qualified Person will maintain Confidential Information in confidence and will not reveal any Confidential Information to any person who is not a Qualified Person (and not to persons other than those described in paragraphs 1(a) and 1(b) if such Confidential Information is marked "Confidential – Attorneys Only") without the prior written consent of the opposing Party or an order by the Court authorizing such disclosure. Confidential Information shall be used only for purposes of this litigation and for no other purpose whatsoever, and shall not be disclosed, given, shown, discussed or otherwise divulged or communicated, on whole or in part, to any person except as provided herein.

        7.      In the event one Party disagrees with any designation of "Confidential Information" pursuant to Paragraph 2 or in good faith considers it necessary to disclose Confidential Information to a person who is not a Qualified Person, counsel for the Parties first shall confer in good faith and attempt to resolve the matter informally. If they are unable to resolve the matter, an application shall be made to the Court by the objecting Party's counsel within twenty (20) days after said counsel notifies the opposing Party of such designation, for a

determination whether particular documents or other information should be treated as Confidential Information or whether the disclosure of the information shall be permitted. The information in question shall be treated as Confidential Information, subject to the terms of this Stipulation and Order, until otherwise agreed to by the Parties or ordered by the Court.

      8.    This Stipulation and Order may be amended by further stipulation and order, or if the Parties are unable to agree, by the Court on the application of a Party.

      9.    Within thirty (30) days of the resolution of this action, whether by settlement, withdrawal, dismissal or judgment, including the exhaustion of all appeals or the time to file appeals, counsel for the Parties shall return to each other all documents containing Confidential Information, and all copies thereof or, in the alternative, ensure destruction of said documents.

10. The terms of this Stipulation and Order shall survive and remain in full force and effect after the termination of this lawsuit.

Dated:  New York, New York
        August 8, 2007

_____
Katharine H. Parker (KHP-7669)
PROSKAUER ROSE LLP
1585 Broadway
New York, NY 10036-8299
Phone: (212) 969-3000
*Attorney for Defendants*

_____
Philip S. Ross (PSR-0867)
HOFFINGER STERN & ROSS, LLP
150 East 58th Street, 19th Fl.
New York, NY 10155
Phone: (212) 421-4000
*Attorney for Plaintiff*

SO ORDERED: _____     8/8/07
            Honorable Shira A. Scheindlin          Date
            United States District Court Judge

6