PROSKAUER ROSE LLP
Katharine H. Parker (KHP-7669)
1585 Broadway
New York, NY  10036-8299
Telephone 212.969.3000
*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                              :
GINA SOCKOLOW,                                :    Index No.  07 CIV 6120 (SAS)
                                              :    **(ECF)**
                          Plaintiff,          :
                                              :    **ANSWER**
          vs.                                 :
                                              :
THE BUCKINGHAM RESEARCH GROUP                 :
INCORPORATED,                                 :
                                              :
                          Defendant.          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Defendant The Buckingham Research Group Incorporated (hereinafter "Defendant"), by

its attorneys, Proskauer Rose LLP, for its Answer to the Complaint and Demand for Jury Trial

(the "Complaint") answers as follows:

## THE PARTIES

1.      Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 1 of the Complaint.

2.      Admits the allegations contained in paragraph 2 of the Complaint.


## JURISDICTION AND VENUE

3.      Denies the allegations contained in paragraph 3 of the Complaint, except admits

that Plaintiff purports to bring this action pursuant to the statutes cited therein.

4.      Denies the allegations contained in paragraph 4 of the Complaint, except admits

that Plaintiff purports to invoke jurisdiction pursuant to the statues set forth therein.

      5.      Denies the allegations contained in paragraph 5 of the Complaint, except admits that Plaintiff purports to bring this action pursuant to the statutes cited therein.

      6.      Denies the allegations contained in paragraph 6 of the Complaint, except admits that Plaintiff purports to invoke jurisdiction pursuant to the statute set forth therein.

      7.      Denies the allegations contained in paragraph 7 of the Complaint, except admits that Plaintiff purports that venue is appropriate pursuant to the statutes cited therein.

## RESPONSE TO ALLEGATIONS
## PURPORTING TO BE RELEVANT TO ALL CLAIMS

      8.      Admits the allegations contained in paragraph 8 of the Complaint.

      9.      Denies the allegations contained in paragraph 9 of the Complaint, except admits that as part of her duties and responsibilities, Plaintiff conducted research of various companies in the technology industry.

      10.      Denies the allegations contained in paragraph 10 of the Complaint.

      11.      Admits the allegations contained in paragraph 11 of the Complaint, and respectfully refers the Court to the publication for its contents.

      12.      Denies the allegations contained in paragraph 12 of the Complaint, except admits that the article cited contains the paragraph quoted and respectfully refers the Court to the article for its contents.

      13.      Admits the allegations in paragraph 13 of the Complaint.

14.     Denies the allegations contained in paragraph 14 of the Complaint, except admits that Plaintiff commented on technology stocks in financial periodicals and was quoted in Business Week online in a March 22, 2002 article about Cisco that she expected Cisco to obtain a number of government contracts.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

17.     Denies the allegations contained in paragraph 17 of the Complaint, except admits that on January 7, 2004 Sockolow upgraded Nortel from an "accumulate" to a "strong buy" and raised its target price from $5.00 to $10.00.

18.     Denies the allegations contained in paragraph 18 of the Complaint, except admits that Plaintiff was quoted in financial periodicals from time to time and participated in earnings conference calls of companies such as Ciena and Tellabs.

19.     Admits the allegations contained in paragraph 19 of the Complaint.

20.     Denies the allegations contained in paragraph 20 of the Complaint, except admits that Plaintiff could earn and received commissions against her draw for independent research.

21.     Denies the allegations contained in paragraph 21 of the Complaint.

22.     Denies the allegations contained in paragraph 22 of the Complaint, except admits that Plaintiff's commissions from independent research were appropriately credited against her draw.

23.     Denies the allegations contained in paragraph 23 of the Complaint.

24.     Denies the allegations contained in paragraph 24 of the Complaint.

25.     Denies the allegations contained in paragraph 25 of the Complaint, except admits that Plaintiff was allocated commissions against her draw on independent research equal to 25% of the amount paid for it by the independent research clients ("IRP Clients") and avers that Plaintiff was appropriately paid.

26.     Denies the allegations contained in paragraph 26 of the Complaint.

27.     Denies the allegations contained in paragraph 27 of the Complaint, except admits that in 2005 Plaintiff appropriately was credited against her draw 25% of the $103,177.05 paid for independent research by IRP clients, and avers that Plaintiff was appropriately paid.

28.     Denies the allegations contained in paragraph 28 of the Complaint.

29.     Denies the allegations contained in paragraph 29 of the Complaint.

30.     Denies the allegations contained in paragraph 30 of the Complaint.

31.     Denies the allegations contained in paragraph 31 of the Complaint, except admits that Plaintiff's prediction for Foundry stock in 2003 was not realized.

32.     Denies the allegations contained in paragraph 32 of the Complaint.

33.     Denies the allegations contained in paragraph 33 of the Complaint.

34.     Denies the allegations contained in paragraph 34 of the Complaint.

### CLAIM ONE

**Federal Claim of Gender Discrimination
Under The Civil Rights Act of 1964
And The Civil Rights Act of 1991**

35.     Repeats and realleges its responses to paragraphs 1-34 of the Complaint as its response to paragraph 35 of the Complaint.

36.     Denies the allegations contained in paragraph 36 of the Complaint.

37.     Denies the allegations contained in paragraph 37 of the Complaint.

38.    Denies the allegations contained in paragraph 38 of the Complaint, and avers that at all times Sockolow was employed she was provided with an office.

39.    Denies the allegations contained in paragraph 39 of the Complaint, except admits that Plaintiff's assistant resigned and that he was not replaced during the remaining time Plaintiff was employed.

40.    Denies the allegations contained in paragraph 40 of the Complaint, except denies knowledge and information sufficient to form a belief as to the truth of the allegation concerning what Plaintiff allegedly discovered.

41.    Denies the allegations contained in paragraph 41 of the Complaint.

42.    Denies the allegations contained in paragraph 42, except admits that Gronet discussed Plaintiff's performance and things she could do to improve her performance.

43.    Denies the allegations contained in paragraph 43 of the Complaint.

44.    Denies the allegations contained in paragraph 44 of the Complaint, except admits that Gronet complimented Plaintiff on a "voice blast".

45.    Denies the allegations contained in paragraph 45 of the Complaint, except admits that Plaintiff was told in December 2005 that her performance was weak and as a result her employment would be terminated in or about the end of March 2006 and that she was being given notice of this so she could look for another position.

46.    Admits the allegations contained in paragraph 46 of the Complaint.

47.    Denies the allegations contained in paragraph 47 of the Complaint, and avers that neither Hasan nor Redemann performed technology research and that Plaintiff was never told that technology research was being eliminated.

48.    Denies the allegations contained in paragraph 48 of the Complaint, except admits that Plaintiff informed Buckingham that she had secured other employment and resigned on March 22, 2006.

49.    Denies the allegations contained in paragraph 49 of the Complaint, and avers that since it informed her that her employment would be terminated, Defendant always maintained its position that Plaintiff's employment would be terminated due to poor performance.

50.    Denies the allegations contained in paragraph 50 of the Complaint.

51.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Complaint.

52.    Denies the allegations contained in paragraph 52 of the Complaint.

53.    Denies the allegations contained in paragraph 53 of the Complaint, except admits that in the third quarter of 2005, Plaintiff received an average performance score of 6.4 which was the lowest average score among all sixteen analysts.

54.    Denies the allegations contained in paragraph 54 of the Complaint, except admits that in the third quarter of 2005, Sockolow received an Average MSIM Grade of 4 from Morgan Stanley and that the comments "Still could be a bit more proactive but I do like her work quite a bit" and "Nice call on Tellabs" accompanied this rating.

55.    Denies the allegations contained in paragraph 55 of the Complaint.

56.    Admits the allegations contained in paragraph 56 of the Complaint, except declines to plead as to what is required by statute as that is a legal assertion that does not require a response.

57.    Denies the allegations contained in paragraph 57 of the Complaint, avers that Buckingham appropriately responded to Plaintiff's Charge of Discrimination (denying Plaintiff's charge of discrimination), and admits that Buckingham did not, and was not required to, submit a sworn affidavit as part of its response to the charge.

58.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the Complaint, except admits that Plaintiff was issued a Notice of Right To Sue on or about April 23, 2007.

59.    Denies that Plaintiff is entitled to the relief requested.

## CLAIM TWO

### State Claim of Gender Discrimination
### Under New York Executive Law § 296

60.    Repeats and realleges its responses to paragraphs 1-59 of the Complaint as its response to paragraph 60 of the Complaint.

61.    Denies that Plaintiff is entitled to the relief requested.

## CLAIM THREE

### City Claim of Gender Discrimination
### Under New York City Administrative Code § 8-107

62.    Repeats and realleges its responses to paragraphs 1-61 of the Complaint as its response to paragraph 62 of the Complaint.

63.    Denies that Plaintiff is entitled to the relief requested.

## CLAIM FOUR

### Breach of Contract Claim In Connection
### With Independent Research Commissions

64.     Repeats and realleges its responses to paragraphs 1-63 of the Complaint as its response to paragraph 64 of the Complaint.

65.     Denies the allegations contained in paragraph 65 of the Complaint, except admits that Plaintiff was appropriately credited commissions against her draw on independent research equal to 25% of the amount paid for it by IRP Clients and avers that Plaintiff was appropriately paid.

66.     Denies the allegations contained in paragraph 66 of the Complaint.

67.     Denies the allegations contained in paragraph 67 of the Complaint.

68.     Denies the allegations contained in paragraph 68 of the Complaint.

69.     Denies the allegations contained in paragraph 69 of the Complaint.

70.     Denies the allegations contained in paragraph 70 of the Complaint.

## CLAIM FIVE

### Breach of Contract Claim In Connection
### The Stock Picking Penalty

71.     Repeats and realleges its responses to paragraphs 1-70 of the Complaint as its response to paragraph 71 of the Complaint.

72.     Denies the allegations contained in paragraph 72 of the Complaint, except admits that Plaintiff's prediction for Foundry stock was not realized.

73.     Denies the allegations contained in paragraph 73 of the Complaint.

74.     Denies the allegations contained in paragraph 74 of the Complaint.

75.     Denies the allegations contained in paragraph 75 of the Complaint.

76.     Denies the allegations contained in paragraph 76 of the Complaint.

77.     Denies that Plaintiff is entitled to the relief requested in the WHEREFORE clause of her Complaint.

## FIRST AFFIRMATIVE DEFENSE

78.     The Complaint fails to state any claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

79.     Plaintiff's claims are barred, in whole or in part, as to any matters for which Plaintiff failed to satisfy the statutory and/or administrative prerequisites to commencing and maintaining this action.

## THIRD AFFIRMATIVE DEFENSE

80.     Plaintiff has not been damaged by any of Defendant's actions.

## FOURTH AFFIRMATIVE DEFENSE

81.     If damaged, which Defendant expressly denies, Plaintiff has failed to make reasonable and diligent efforts to mitigate damages.

## FIFTH AFFIRMATIVE DEFENSE

82.     Plaintiff is not entitled to a jury trial with respect to all of her claims and/or claims for relief.

## SIXTH AFFIRMATIVE DEFENSE

83.     Plaintiff is not entitled to attorneys' fees and costs under some of the causes of action as demanded in the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

84.     Plaintiff's claims are barred, in whole or in part, by the statute of frauds.

## EIGHTH AFFIRMATIVE DEFENSE

85.    Even if impermissible considerations were a factor in the challenged employment actions, which Defendant expressly denies, the same actions would have been taken for lawful, non-discriminatory reasons.

## NINTH AFFIRMATIVE DEFENSE

86.    Some or all of Plaintiff's claims are time-barred, barred by the applicable statute of limitations, or barred by the applicable filing period.

## TENTH AFFIRMATIVE DEFENSE

87.    Defendant's actions with respect to Plaintiff were taken for legitimate, lawful and non-discriminatory reasons.

## ELEVENTH AFFIRMATIVE DEFENSE

88.    At all times relevant herein, including prior to the alleged discriminatory acts referred to in Plaintiff's Complaint, Defendant has established and complied with policies, programs, and procedures for the prevention and detection of unlawful discriminatory practices.

## TWELFTH AFFIRMATIVE DEFENSE

89.    At all times relevant herein, including prior to the alleged discriminatory acts referred to in Plaintiff's Complaint, Defendant exercised reasonable care to prevent and promptly correct any discriminatory behavior, and Plaintiff unreasonably failed to take advantage of the preventative and/or corrective opportunities or to avoid harm otherwise.

## THIRTEENTH AFFIRMATIVE DEFENSE

90.    Plaintiff's fifth cause of action is barred by NASD Rule 2711.

## FOURTEENTH AFFIRMATIVE DEFENSE

91.    As a registered representative, Plaintiff's contract claims are barred because they are required to be arbitrated per NASD Rules and Plaintiff's assent to an arbitration agreement (Form U-4).

## FIFTEENTH AFFIRMATIVE DEFENSE

92.    Plaintiff's claim for breach of contract is barred because Plaintiff was an employee-at-will.

## SIXTEENTH AFFIRMATIVE DEFENSE

93.    Defendant's liability and penalties, if any, should be mitigated by virtue of the factors set forth in the New York City Administrative Code § 8-107(13)(d) and (e).

## SEVENTEENTH AFFIRMATIVE DEFENSE

94.    This Court lacks jurisdiction to adjudicate Plaintiff's fourth and fifth causes of action because they are subject to arbitration.

WHEREFORE, Defendant requests that the Court enter judgment in its favor and dismiss the Complaint in its entirety, and award Defendant its attorney's fees and costs and such other relief as the Court deems just and proper.

Dated:          New York, New York
                August 13, 2007

                                        _____
                                        Katharine H. Parker (KHP-7669)
                                        PROSKAUER ROSE LLP
                                        1585 Broadway
                                        New York, NY  10036-8299
                                        Phone: (212) 969-3000
                                        *Attorneys for Defendant*